IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

CHARLES ALBERT MASSEY, III,          )
                                     )
        Petitioner,                  )
                                     )
                                     )
v.                                   )   Civil Action No. 1:21cv1183
                                     )
                                     )
HAROLD CLARKE, DIRECTOR, VIRGINIA )
DEPARTMENT OF CORRECTIONS,           )
                                     )
        Respondent.                  )

## MEMORANDUM OPINION

THIS MATTER comes before the Court on Petitioner's Motion to File Petition for a Writ of Habeas Corpus Out of Time and Respondent's Motion to Dismiss.

Petitioner Charles Albert Massey, III, filed a § 2254 federal habeas petition with this Court on October 21, 2021.

Petitioner is confined pursuant to a final judgment of the Fairfax County Circuit Court. A jury convicted Massey of two counts of rape and one count of abduction with intent to defile. By final order dated August 26, 2015, the trial court sentenced Massey to 20 years for abduction and 21 years for each count of rape, for a total aggregate sentence of 62 years in prison, with 10 years suspended.

1

Petitioner's conviction became final for purposes of federal habeas on March 19, 2018, the date the United States Supreme Court denied his petition for certiorari. Hill v. Braxton, 277 F.3d 701, 704 (4th Cir. 2002). Petitioner filed a timely habeas petition in state court 200 days later, on October 5, 2018. The state habeas petition tolled the statute of limitations for 728 days, from October 5, 2018 until October 2, 2020, the day the Supreme Court of Virginia refused the petition for appeal from the denial of the state habeas petition. 28 U.S.C. § 2244(d)(2). From that date, Petitioner had 165 days, or until March 17, 2021, to file a § 2254 petition. He did not file this petition until October 21, 2021, over seven months past his deadline.

Both parties agree this Petition was filed beyond Petitioner's federal habeas deadline. However, Petitioner argues for the application of equitable tolling to allow him to timely file.

Equitable tolling is available in federal habeas cases only where the petitioner shows: (1) he pursued his rights diligently; and (2) some extraordinary circumstance prevented him from timely filing his habeas petition. See Holland v. Florida, 560 U.S. 631, 649 (2010). The petitioner must demonstrate a causal relationship between the extraordinary circumstance and the lateness of his filing. The petitioner bears

2

the burden of demonstrating that he is entitled to equitable tolling. Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005).

To satisfy the first prong of the equitable tolling test, the petitioner must have exercised "reasonable diligence, . . . not maximum feasible diligence." Holland, 560 U.S. at 653. Petitioner's state habeas counsel admits to the Court he failed to learn the petition for appeal from the state habeas denial had been refused by the Supreme Court of Virginia on October 2, 2020. State habeas counsel did not discover the appeal was denied until May 2021. Petitioner had already told this counsel that he wanted to pursue federal habeas relief if his state habeas appeal was denied and he agreed to represent Petitioner. The current federal habeas petition was filed on October 21, 2021, approximately five months after the state habeas counsel learned the petition for appeal was refused. Petitioner states he immediately sought new counsel to pursue his federal habeas relief once he was told his petition was refused. The Court finds, given all the circumstances, Petitioner has shown he diligently pursued his rights sufficient to satisfy the first prong in Holland.

Now turning to the second prong in Holland, whether some extraordinary circumstance prevented him from timely filing his habeas petition. Petitioner's state habeas counsel failed to check the status of his appeal for eight months. Counsel is

3

normally expected to monitor their cases and timely act to protect their clients' rights. Having counsel fail to act for eight months, causing their client to miss a deadline, especially when that client is incarcerated, is an extraordinary circumstance that satisfies the second prong in Holland.

The Court finds Petitioner is entitled to equitable tolling and this petition is timely filed. The Court will now turn to the claims in Petitioner's § 2254 federal habeas petition and the Motion to Dismiss.

Petitioner makes three claims: (Claim I) The Commonwealth violated due process by failing to disclose favorable, material evidence contained in police reports in time to enable an adequate opportunity to cross-examine P.E.; (Claim II) The trial court's admission of P.E.'s preliminary hearing testimony violated the Confrontation Clause of the Sixth Amendment where petitioner did not have an adequate opportunity to cross-examine P.E.; and (Claim III) Trial and state habeas counsel rendered ineffective assistance by failing to object on Confrontation Clause Grounds to the SANE nurse's recitation of P.E.'s report that petitioner abducted and sexually assaulted.

The first issue to determine is whether Petitioner has exhausted his state remedies for his claims.

"[A] federal court may not grant a writ of habeas corpus to a petitioner in state custody unless the petitioner has first

4

exhausted his state remedies by presenting his claims to the highest state court." Baker v. Corcoran, 220 F.3d 276, 288 (4th Cir. 2000). See O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999). To meet the exhaustion requirement, a petitioner "must have presented to the state court both the operative facts and the controlling legal principles.'" Kasi v. Angelone, 300 F.3d 487, 501-02 (4th Cir. 2002) (quoting Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir. 1997)).

Claims I and II in the Petition were raised in state court by Massey's direct appeal and both parties agree they were exhausted. However, Claim III, is not exhausted because it was never raised in state court and is now procedurally barred from consideration in state court. See Baker, 220 F.3d at 288 ("A claim that has not been presented to the highest state court nevertheless may be treated as exhausted if it is clear that the claim would be procedurally barred under state law if the petitioner attempted to present it to the state court."); see also Bassette v. Thompson, 915 F.2d 932, 936-37 (4th Cir. 1990). Further, Petitioner has failed to demonstrate that state habeas counsel was ineffective for failing to raise this claim. Therefore, Petitioner's Claim III is defaulted and exhausted for purposes of this Petition.

5

The state record is before the Court, Respondent has filed a Motion to Dismiss that has been fully briefed, and the Court is now prepared to rule on the merits of the petition.

Under the Anti-terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), federal courts may not grant habeas relief in a § 2254 action unless the underlying state-court adjudication: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of facts in light of the evidence presented in the State court proceeding. 28 U.S.C. § 2254(d). "'[A] determination on a factual issue made by a State court shall be presumed correct.'" Tucker v. Ozmint, 350 F.3d 433, 439 (4th Cir. 2003) (quoting 28 U.S.C. § 2254(e)(1)). "In reviewing a habeas petition, federal courts must presume the correctness of a state court's factual determinations unless the habeas petitioner rebuts the presumption of correctness by clear and convincing evidence." Green v. Johnson, 515 F.3d 290, 299 (4th Cir. 2008). See Landrigan, 550 U.S. at 473-74.

Petitioner's Claim I is that the Commonwealth violated due process by failing to disclose favorable, material evidence contained in police reports in time to enable an adequate opportunity to cross-examine P.E. The state court determined

that the information contained in the police reports were not material under Brady v. Maryland, 373 U.S. 83 (1963). The state court held that, under Virginia Rules of Evidence 2:607(a)(vi) and 2:613 which govern the impeachment of witnesses, that the material in the police reports were collateral as a matter of Virginia law, and therefore could not have been used to impeach P.E.'s testimony at the preliminary hearing. The state court reasoned, "[b]ecause the statements are merely collateral" as a matter of state evidentiary law, "appellant has failed to establish that'[t]he evidence not disclosed to the accused was favorable to the accused . . . because it may [have been] used for impeachment[.]'" (quoting Workman v. Commonwealth, 636 S.E.2d 633, 374 (Va. 2006). The state court found in the alternative that, even if the statements could have been utilized in the examination of P.E., [Petitioner] has not made the necessary showing of prejudice required by Brady.

The Court finds the state court's determination that the information in the police reports was not material under Brady was not contrary to or an unreasonable application of Supreme Court precedent, nor was it based on an unreasonable factual finding and Petitioner's Claim I should be dismissed.

Petitioner's Claim II, that the trial court's admission of P.E.'s preliminary hearing testimony violated the Confrontation Clause of the Sixth Amendment where Petitioner did not have an

7

adequate opportunity to cross-examine P.E., contains five arguments in support.

The first argument in Claim II is that the cross-examination at the preliminary hearing was defective because the Commonwealth did not disclose the information in the police reports prior to preliminary hearing thus he did not have an adequate opportunity to cross-examine the victim regarding that information, violating his Confrontation rights. The state court concluded that, under state evidentiary law, the information in the police reports would not have been admissible for impeachment. The state appellate court agreed, concluding that the information in the police reports was not material within the meaning of Brady.

The admission of P.E.'s preliminary hearing testimony did not violate Petitioner's Sixth Amendment right to confrontation. The Crawford Court stated that testimony from a preliminary hearing is inadmissible unless: (1) the witness is unavailable; and (2) the defendant had a prior opportunity to adequately cross-examine the witness. Crawford v. Washington, 541 U.S. 36 (2004). It is well settled that "the Confrontation Clause guarantees only 'an opportunity for effective cross-examination, not cross-examination that is effective in whatever way, and to whatever extent, the defense might wish.'" Kentucky v. Stincer, 482 U.S. 730, 739 (1987). P.E.'s death rendered her presently

unavailable to testify at trial. Also, P.E.'s prior testimony at the preliminary hearing was under oath and accurately recorded. Finally, the record establishes that Petitioner was present at the preliminary hearing, was represented by counsel, and was afforded a meaningful opportunity to cross-examine P.E. Further, the Confrontation Clause does not bar the use of preliminary hearing testimony in the face of a witness's absence, claimed loss of memory, claim of privilege or simple refusal to answer. Crawford, 541 U.S. at 57.

Petitioner confronted P.E. face-to-face at the prior hearing and his interest at the pretrial hearing was the same as it would have been at trial. The Court finds the state court's judgment was not unreasonable.

In Petitioner's second argument in Claim II, he alleges the admission of P.E.'s preliminary hearing testimony violated his Confrontation rights because the government discovered and disclosed telephone records, photographs, and text messages that, according to Massey, proved P.E. made false statements or material omissions to the police, to friends, and during her preliminary hearing testimony. The state court rejected this claim, concluding that the fact that additional material was found after the examination of a witness does not render the examination infirm, and that Massey had the opportunity to use the material at trial.

While additional, potentially useful information came to light after the preliminary hearing, Massey's motive to cross-examine P.E. was the same, to discredit P.E. and attack her credibility on the issue of consent. Therefore, Massey's opportunity to cross-examine P.E. was constitutionally adequate. Further, under Virginia law the credibility of an out-of-court declarant may be attacked by any evidence which would be admissible for those purposes if the declarant had testified as a witness. Luck v. Commonwealth, 515 S.E.2d 325, 330 (Va. Ct. App. 1999). The state court's judgment was not an unreasonable application of, or contrary to, federal law as stated by the United States Supreme Court, nor was it based on an unreasonable factual finding.

The third argument in Claim II, Petitioner asserts the admission of P.E.'s preliminary hearing testimony violated his Confrontation rights because the preliminary hearing judge impermissibly limited the scope of cross-examination when he sustained the prosecution's objections to question about whether Petitioner and P.E.'s father were working together to help P.E. receive treatment for substance abuse.

The state court determined that, because all of P.E.'s preliminary hearing testimony, including the exchange detailed above was read into evidence at trial, the jury heard P.E.'s acknowledgement that appellant and her father previously had

10

discussed ways to help her. Thus, the state court reasoned, Massey "was free to use that concession to establish that P.E. had a motive to lie against him in hopes of avoiding another trip to a treatment facility or because she resented his efforts in this regard," thereby allowing Massey to argue that Massey's efforts to get her into substance abuse treatment resulted in P.E.'s bias and motive to fabricate. The Court finds the state court's judgment was not unreasonable.

Petitioner's fourth argument of Claim II asserts that P.E.'s lack of memory at the preliminary hearing rendered her unavailable for cross-examination. However, the Supreme Court has not held that a lack of memory as demonstrated by P.E. during the preliminary hearing violates the Confrontation Clause in this context. The state court's judgment was not unreasonable.

Petitioner's fifth argument in Claim II states his Confrontation rights were violated when P.E.'s preliminary hearing testimony was admitted because the additional charge after the preliminary hearing denied meaningful cross-examination as to the additional charge of abduction with the intent to defile. The state court's judgment that the Virginia Supreme Court's decision in Fisher v. Commonwealth, 232 S.E.2d 798 (Va. 1977) controlled was not unreasonable. The state court correctly reasoned that the additional charge did not change the

basic nature of the allegations, it only added an additional element, the intent to defile. P.E.'s testimony at the preliminary hearing addressed the elements of the subsequently added charge and Petitioner's counsel engaged in cross-examination of P.E. related to each of these issues. Petitioner's Claim II should be dismissed in its entirety.

For the foregoing reasons, Petitioner's Motion to File Petition for a Writ of Habeas Corpus Out of Time should be granted and Respondent's Motion to Dismiss should be granted.

An appropriate Order shall issue.

CLAUDE M. HILTON
UNITED STATES DISTRICT JUDGE

Alexandria, Virginia
December ___, 2023

12